Filed 3/20/15  P. v. Vasquez CA5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>TONY VAZQUEZ,<br><br>    Defendant and Appellant. | F068957<br><br>(Kern Super. Ct. No. RF6591A)<br><br>**OPINION** |

-ooOoo-

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County.  Michael E. Dellostritto, Judge.

Gordon B. Scott, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Lewis A. Martinez and Amanda D. Cary, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

[*]Before Cornell, Acting P.J., Gomes, J., and Smith, J.

# INTRODUCTION

On January 29, 2014, a jury convicted appellant Tony Vazquez of a misdemeanor count of false identification to a peace officer (Pen. Code, § 148.9, subd. (a),[1] count 4). The jury acquitted appellant of possession of metal knuckles (§ 21810, count 1) and misdemeanor possession of a smoking device (Health & Saf. Code, § 11364.1, count 3).[2] On February 27, 2014, appellant was placed on probation for three years.

Appellant contends, and respondent concurs, that there was insufficient evidence that appellant committed the offense of providing false identification to a peace officer. We agree with the parties and reverse the judgment of the trial court.[3]

# FACTS

Ridgecrest Police Officer Cory Ballestero arrived at a Taco Bell located on North China Lake Boulevard on March 18, 2013. It was 5:00 p.m. Appellant was entering the driver's side of a white Honda with his left hand on top of the door and his right hand on the steering wheel. Appellant was with a woman named Cassey Fuller. Antonio Lopez, Brandy Martinez, and Joseph Vazquez were in a white Nissan parked one or two spaces from appellant. Officer Bockhohn arrived at the parking lot in another patrol car.

Officer Ballestero asked to speak to the people in both cars. Appellant closed the door to his car and approached Ballestero with Fuller. The other three men also walked over to Ballestero. Ballestero asked appellant for his identification. Appellant replied that he did not have any. When Ballestero asked appellant for his name and birth date,

---

[1] All further statutory references are to the Penal Code unless otherwise stated.

[2] The trial court granted the prosecutor's motion to dismiss allegations that appellant was a felon in possession of a firearm (§ 29800, subd. (a)(1), count 2) and that he was subject to an on-bail enhancement (§ 12022.1). Prior prison term enhancements and allegations pursuant to the "Three Strikes" law were also dismissed.

[3] Appellant further challenges the trial court's failure to specify his fines and fees on the record. In light of our reversal of appellant's conviction, we do reach this issue.

2

appellant replied that he was David Salcedo and was born on April, 20, 1983. Appellant denied being on probation or parole. The dispatcher told Ballestero that Salcedo was on active parole. Appellant told Ballestero he was on Post Release Community Supervision. Appellant did not know his CDC number, social security number, or the name of his parole agent.

Based on Salcedo being on parole, Officer Ballestero searched appellant's Honda and found metal knuckles and a methamphetamine pipe. Appellant and Fuller were arrested. At the jail, appellant admitted he lied about his identity because he thought he had an outstanding warrant. Officer Ryan Sloan testified that Fuller told him the metal knuckles belonged to her.

## FALSE IDENTIFICATION TO A PEACE OFFICER

The parties agree that because appellant was not under arrest and had not yet been detained, the encounter between appellant and Ballestero was entirely voluntary. The parties further concur that the predicate element to a violation of section 148.9, subdivision (a)[4] is a lawful arrest or detention.

Cases interpreting section 148.9, subdivision (a) find that the predicate element to a violation of the statute is a lawful detention or arrest. In the case of *In re Voeurn O.* (1995) 35 Cal.App.4th 793, 795 (*Voeurn O.*), a police officer encountered a minor lying on the grass in the middle of an apartment complex to investigate a complaint of suspicious juveniles loitering. The officer questioned the minor. The minor told the

---

[4] Subdivision (a) of section 148.9 provides:

"Any person who falsely represents himself or herself as another person or as a fictitious person to any peace officer listed in Section 830.1 or 830.2, or subdivision (a) of Section 830.33, *upon a lawful detention or arrest of the person*, either to evade the process of the court, or to evade proper identification of the person by the investigating officer, is guilty of a misdemeanor." (Italics added.)

officer he was waiting for a friend, could not provide the friend's address, and gave the officer a false name. (*Ibid*.) The *Voeurn O*. court found the encounter consensual and held that because the minor was not under lawful detention or arrest, he had not violated section 148.9, subdivision (a). (*Id*. at pp. 796–797.) We find the facts of the instant action to be indistinguishable from *Voeurn O.* and that there was insufficient evidence that appellant was under a lawful detention or arrest when he misidentified himself to Officer Ballestero.

Where the prosecution fails to meet its burden of proof in justifying a defendant's detention, and the trial court should have granted a suppression motion, the defendant's arrest pursuant to section 148.9, subdivision (a) for giving the investigating officer a false name cannot stand, and the case must be reversed with directions to the trial court to dismiss the action on remand. (*People v. Walker* (2012) 210 Cal.App.4th 1372, 1392–1393.)

## DISPOSITION

The judgment of conviction and order placing appellant on probation are reversed. The case is remanded to trial court with directions to dismiss the case.

4